**NOT FOR PUBLICATION**

FILED

SEP 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN MARTOYAN; et al., | No. 07-70227 |
| Petitioners, | Agency Nos.    A077-849-717 |
| | A077-849-718 |
| v. | A077-849-719 |
| | A077-849-720 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:      SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Karen Martoyan and his family, natives and citizens of Armenia, petition for

review of the Board of Immigration Appeals' order dismissing their appeal from an

immigration judge's decision denying their application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that petitioners failed to establish extraordinary circumstances excusing the untimely filed asylum application because it is based on disputed facts. *See* 8 U.S.C. § 1158(a)(3); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).

Martoyan omitted additional incidents of harm, as well as the identity of his attackers from his asylum application statement. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). He also testified inconsistently with documentary evidence regarding where he was hospitalized in 1996. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) (inconsistencies between testimony and documentary evidence support an adverse credibility finding). Because the agency reasonably found that Martoyan's explanations for the discrepancies were unconvincing, substantial evidence supports the agency's adverse credibility determination. *See Wang v. INS*, 352 F.3d 1250, 1256-57 (9th Cir. 2003). Accordingly, in the absence of credible testimony, Martoyan's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

07-70227

Martoyan's CAT claim also fails because it is based on the same evidence the agency found not credible, and he does not point to any evidence in the record that would compel a finding it is more likely than not he would be tortured if he returned to Armenia. *See id.* at 1156-57.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**